FITAPELLI & SCHAFFER, LLP
Joseph A. Fitapelli (JAF 9058)
Brian S. Schaffer (BSS 7548)
1250 Broadway, Suite 3701
New York, New York 10001
Telephone: (212)300-0375

**10 CIV 3470**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK



| | |
|---|---|
| LUIS HERNANDEZ, SERGIO PAVON, ALFREDO ESPINOBARROS, FABIAN FOJARDO, FRANCO JAVIER MEDINA, ISMAEL REYES, JOSE LUIS REYES, SEGUNDO RAMON CALDERON, and MACARIO MENDEZ, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>PIO PIO 34 INC., PIO PIO EXPRESS INC., SIPAN RESTAURANT OF NEW YORK INC., PIO-PIO RESTAURANT, INC., PIO PIO 85 INC., POLLOS A LA BRASA PIO, PIO, INC., PIO PIO NYC, INC., MOCHICA, LLC, MOCHICA GROUP CORP., AUGUSTO YALLICO, and INES YALLICO,<br><br>Defendants. | CLASS ACTION COMPLAINT<br><br>July Trial Demanded |

Plaintiffs, Luis Hernandez, Sergio Pavon, Alfredo Espinobarros, Fabian Fojardo, Franco Javier Medina, Ismael Reyes, Jose Luis Reyes, Segundo Ramon Calderon, and Macario Mendez, individually and on behalf of all others similarly situated, as class representatives, upon personal knowledge as to themselves and upon information and belief as to other matters, allege as follows:

## NATURE OF THE ACTION

1. This lawsuit seeks to recover minimum wages, overtime compensation, spread of hours pay, misappropriated tips, and other wages for Plaintiffs and their similarly situated co-workers – servers, bussers, runners, and other tipped, hourly food service workers who work or have worked at the Pio Pio restaurants located at: 210 East 34th Street, 1746 First Avenue, and 702 Amsterdam Avenue in Manhattan; 84-13 Northern Boulevard, 84-21 Northern Boulevard, 62-30 Woodhaven Boulevard in Queens and 264 Cypress Avenue in the Bronx (together "Pio Pio").

2. Pio Pio is a chain of eight restaurants located throughout the New York City metropolitan area. With its first location opening in 1994, Pio Pio has become one of New York City's premier Peruvian restaurant groups, and has been reviewed in numerous print and online restaurant guides, including the New York Times, Zagat, and New York Magazine. Most recently, a flagship upscale version of Pio Pio opened in the Hell's Kitchen area of New York City.

3. Unfortunately, Augusto Yallico, the owner of the Pio Pio restaurants, has decided it was more important to expand the popular chain and line his own pockets than abide by federal and state wage and hour laws. Under his direction, Pio Pio has continuously taken advantage of its loyal food service workers, some of whom have worked at the restaurant for over nine years.

4. Plaintiffs bring this action on behalf of themselves and similarly situated current and former Pio Pio tipped food service workers who elect to opt-in to this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA by Defendants that have deprived Plaintiffs and others similarly situated of their

lawfully earned wages.

5. Plaintiffs also bring this action on behalf of themselves and all similarly situated current and former Pio Pio tipped food service workers who worked in New York pursuant to Federal Rule of Civil Procedure 23 to remedy violations of the New York Labor Law ("NYLL") Article 6, §§ 190 *et seq.*, and Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations.

## THE PARTIES

### Plaintiffs

### Luis Hernandez

6. Plaintiff Luis Hernandez ("Hernandez") is an adult individual who is a resident of Corona, New York.

7. Hernandez was employed by Defendants as a server and busser at the Pio Pio restaurants located at 702 Amsterdam Avenue, 84-13 Northern Boulevard, and 62-30 Woodhaven Boulevard from approximately September 2002 through September 2009.

8. Hernandez is a covered employee within the meaning of the FLSA and the NYLL.

9. A written consent form for Hernandez is attached as **Exhibit A** to this Class Action Complaint.

### Sergio Pavon

10. Plaintiff Sergio Pavon ("Pavon") is an adult individual who is a resident of Jackson Heights, New York.

11. Pavon was employed by Defendants as a server at the Pio Pio restaurant located at 84-13 Northern Boulevard from approximately November 2000 to September 2007.

12. Pavon is a covered employee within the meaning of the FLSA and the NYLL.

13. A written consent form for Pavon is attached as **Exhibit A** to this Class Action Complaint.

**Alfredo Espinobarros**

14. Plaintiff Alfredo Espinobarros ("Espinobarros") is an adult individual who is a resident of Astoria, New York.

15. Espinobarros was employed by Defendants as a server and busser at the Pio Pio restaurants located at 210 East 34th Street, 84-13 Northern Boulevard, and 264 Cypress Avenue from approximately April 2007 through September 2009.

16. Espinobarros is a covered employee within the meaning of the FLSA and the NYLL.

17. A written consent form for Espinobarros is attached as **Exhibit A** to this Class Action Complaint.

**Fabian Fojardo**

18. Plaintiff Fabian Fojardo ("Fojardo") is an adult individual who is a resident of Corona, New York.

19. Fojardo was employed by Defendants as a server, busser, and runner at the Pio Pio restaurant located at 84-13 Northern Boulevard from approximately October 2001 to September 2009.

20. Fojardo is a covered employee within the meaning of the FLSA and the NYLL.

21. A written consent form for Fojardo is attached as **Exhibit A** to this Class Action Complaint.

**Franco Javier Medina**

22.  Plaintiff Franco Javier Medina ("Medina") is an adult individual who is a resident of Jackson Heights, New York.

23.  Medina was employed by Defendants as a server at the Pio Pio restaurant located at 84-13 Northern Boulevard from approximately January 2007 to August 2009.

24.  Medina is a covered employee within the meaning of the FLSA and the NYLL.

25.  A written consent form for Medina is attached as **Exhibit A** to this Class Action Complaint.

**Ismael Reyes**

26.  Plaintiff Ismael Reyes is an adult individual who is a resident of East Elmhurst, New York.

27.  Ismael Reyes was employed by Defendants as a server at the Pio Pio restaurant located at 84-13 Northern Boulevard from approximately February 2000 to July 29, 2009.

28.  Ismael Reyes is a covered employee within the meaning of the FLSA and the NYLL.

29.  A written consent form for Ismael Reyes is attached as **Exhibit A** to this Class Action Complaint.

**Jose Luis Reyes**

30.  Plaintiff Jose Luis Reyes ("Jose Reyes") is an adult individual who is a resident of East Elmhurst, New York.

31.  Jose Reyes was employed by Defendants as a runner at the Pio Pio restaurants located at 210 East 34th Street and 84-13 Northern Boulevard from approximately 2004 to December 2009.

32. Jose Reyes is a covered employee within the meaning of the FLSA and the NYLL.

33. A written consent form for Jose Reyes is attached as **Exhibit A** to this Class Action Complaint.

**Segundo Ramon Calderon**

34. Plaintiff Segundo Ramon Calderon ("Calderon") is an adult individual who is a resident of Jamaica, New York.

35. Calderon was employed by Defendants as a server, busser, and runner at the Pio Pio restaurant located at 84-13 Northern Boulevard from approximately November 2001 to September 2009.

36. Calderon is a covered employee within the meaning of the FLSA and the NYLL.

37. A written consent form for Calderon is attached as **Exhibit A** to this Class Action Complaint.

**Macario Mendez**

38. Plaintiff Macario Mendez ("Mendez") is an adult individual who is a resident of Corona, New York.

39. Mendez was employed by Defendants as a server and busser at the Pio Pio restaurants located at 702 Amsterdam Avenue and 264 Cypress Avenue from approximately 2005 to March 2007.

40. Mendez is a covered employee within the meaning of the FLSA and the NYLL.

41. A written consent form for Mendez is attached as **Exhibit A** to this Class Action Complaint.

**Defendants**

42.     Defendants Pio Pio 34 Inc., Pio Pio Express Inc., Sipan Restaurant of New York Inc., Pio-Pio Restaurant, Inc., Pio Pio 85 Inc., Pollos A La Brasa Pio, Pio, Inc., Pio Pio NYC, Inc., Mochica, LLC, Mochica Group Corp., Augusto Yallico, and Ines Yallico (collectively "Defendants"), jointly employed Plaintiffs and similarly situated employees at all times relevant. Each Defendant has had substantial control over Plaintiffs' working conditions, and over the unlawful policies and practices alleged herein.

43.     During all relevant times, Defendants have been Plaintiffs' employers within the meaning of the FLSA and the NYLL.

44.     Upon information and belief, Defendants are part of a single integrated enterprise that jointly employed Plaintiffs and similarly situated employees at all times relevant.

45.     Upon information and belief, Defendants' operations are interrelated and unified.

46.     All of the Pio Pio restaurants are listed on the Pio Pio website, at http://www.piopionyc.com, and at http://www.mochicagroup.com.

47.     Upon information and belief, during all relevant times, Pio Pio shared a common management and were centrally controlled and/or owned by Defendants.

48.     Upon information and belief, during all relevant times, Defendants have had control over, and the power to change compensation practices at the Pio Pio restaurants.

49.     Upon information and belief, Defendants have had the power to determine employee policies at Pio Pio, including, but not limited to, time-keeping and payroll policies.

**Pio Pio 34 Inc.**

50.     Together with the other Defendants, Pio Pio 34 Inc. ("Pio Pio 34") has owned and/or operated the Pio Pio restaurants during the relevant period.

51. Pio Pio 34 is a domestic business corporation organized and existing under the laws of New York.

52. Pio Pio 34's principal executive office is located at 210 East 34th Street, New York, New York 10016.

53. Pio Pio 34 is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, employed Plaintiffs and/or jointly employed Plaintiffs and similarly situated employees.

54. Upon information and belief, at all times relevant, Pio Pio 34's annual gross volume of sales made or business done was not less than $500,000.00.

**Pio Pio Express Inc.**

55. Together with the other Defendants, Pio Pio Express Inc. ("Pio Pio Express") has owned and/or operated the Pio Pio restaurants during the relevant period.

56. Pio Pio Express is a domestic business corporation organized and existing under the laws of New York.

57. Pio Pio Express' principal executive office is located at 1746 First Avenue, New York, New York 10128.

58. Pio Pio Express is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, employed Plaintiffs and/or jointly employed Plaintiffs and similarly situated employees.

59. Upon information and belief, at all times relevant, Pio Pio Express' annual gross volume of sales made or business done was not less than $500,000.00.

**Sipan Restaurant of New York Inc.**

60. Together with the other Defendants, Sipan Restaurant of New York Inc. ("Sipan")

has owned and/or operated the Pio Pio restaurants during the relevant period.

61. Sipan is a domestic business corporation organized and existing under the laws of New York.

62. Sipan's principal executive office is located at 702-704 Amsterdam Avenue, New York, New York 10025.

63. Sipan is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, employed Plaintiffs and/or jointly employed Plaintiffs and similarly situated employees.

64. Upon information and belief, at all times relevant, Sipan's annual gross volume of sales made or business done was not less than $500,000.00.

**Pio-Pio Restaurant, Inc.**

65. Together with the other Defendants, Pio-Pio Restaurant, Inc. has owned and/or operated the Pio Pio restaurants during the relevant period.

66. Pio Pio Restaurant, Inc. is a domestic business corporation organized and existing under the laws of New York.

67. Pio Pio Restaurant, Inc.'s principal executive office is located at 84-13 Northern Boulevard, Jackson Heights, New York 11372.

68. Pio Pio Restaurant, Inc. is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, employed Plaintiffs and/or jointly employed Plaintiffs and similarly situated employees.

69. Upon information and belief, at all times relevant, Pio Pio Restaurant, Inc.'s annual gross volume of sales made or business done was not less than $500,000.00.

**Pio Pio 85 Inc.**

70. Together with the other Defendants, Pio Pio 85 Inc. ("Pio Pio 85") has owned and/or operated the Pio Pio restaurants during the relevant period.

71. Pio Pio 85 is a domestic business corporation organized and existing under the laws of New York.

72. Pio Pio 85's principal executive office is located at 84-15 Northern Boulevard, Jackson Heights, New York 11372.

73. Pio Pio 85 is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, employed Plaintiffs and/or jointly employed Plaintiffs and similarly situated employees.

74. Upon information and belief, at all times relevant, Pio Pio 85's annual gross volume of sales made or business done was not less than $500,000.00.

**Pollos A La Brasa Pio, Pio, Inc.**

75. Together with the other Defendants, Pollos A La Brasa Pio, Pio, Inc. ("Pollos A La Brasa") has owned and/or operated the Pio Pio restaurants during the relevant period.

76. Pollos A La Brasa is a domestic business corporation organized and existing under the laws of New York.

77. Pollos A La Brasa's principal executive office is located at 82-30 Woodhaven Boulevard, Rego Park, New York 11374.

78. Upon information and belief, Pollos A La Brasa owns and/or operates the Pio Pio restaurant located at 62-30 Woodhaven Boulevard, Rego Park, New York 11374.

79. Pollos A La Brasa is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, employed Plaintiffs and/or jointly employed Plaintiffs and

similarly situated employees.

80. Upon information and belief, at all times relevant, Pollos A La Brasa's annual gross volume of sales made or business done was not less than $500,000.00.

**Pio Pio NYC, Inc.**

81. Together with the other Defendants, Pio Pio NYC, Inc. ("Pio Pio NYC") has owned and/or operated the Pio Pio restaurants during the relevant period.

82. Pio Pio NYC is a domestic business corporation organized and existing under the laws of New York.

83. Pio Pio NYC's principal executive office is located at 84-15 Northern Boulevard, Jackson Heights, New York 11372.

84. Upon information and belief, Pio Pio NYC owns and/or operates the Pio Pio restaurant located at 264 Cypress Avenue, Bronx, New York 10454.

85. Pio Pio NYC is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, employed Plaintiffs and/or jointly employed Plaintiffs and similarly situated employees.

86. Upon information and belief, at all times relevant, Pio Pio NYC's annual gross volume of sales made or business done was not less than $500,000.00.

**Mochica, LLC**

87. Together with the other Defendants, Mochica, LLC ("Mochica") has owned and/or operated the Pio Pio restaurants during the relevant period.

88. Mochica is a domestic business corporation organized and existing under the laws of New York.

89. Upon information and belief, Mochica's principal executive office is located at

11

84-13 Northern Boulevard, Jackson Heights, New York 11372.

90. Mochica is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, employed Plaintiffs and/or jointly employed Plaintiffs and similarly situated employees.

91. Upon information and belief, at all times relevant, Mochica's annual gross volume of sales made or business done was not less than $500,000.00.

**Mochica Group Corp.**

92. Together with the other Defendants, Mochica Group Corp ("Mochica Group") has owned and/or operated the Pio Pio restaurants during the relevant period.

93. Mochica Group is a domestic business corporation organized and existing under the laws of New York.

94. Upon information and belief, Mochica Group's principal executive office is located at 84-13 Northern Boulevard, Jackson Heights, New York 11372.

95. Mochica Group is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, employed Plaintiffs and/or jointly employed Plaintiffs and similarly situated employees.

96. Upon information and belief, at all times relevant, Mochica Group's annual gross volume of sales made or business done was not less than $500,000.00.

**Individual Defendants**

**Augusto Yallico**

97. Upon information and belief, Augusto Yallico is a resident of the State of New York.

98. At all relevant times, Augusto Yallico has been the owner of Pio Pio.

99. Upon information and belief, at all relevant times, Augusto Yallico has had power over personnel decisions at Pio Pio, including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

100. Upon information and belief, at all times relevant, Augusto Yallico has had power over payroll decisions at Pio Pio, including the power to retain time and/or wage records.

101. Upon information and belief, Augusto Yallico is actively involved in managing the day to day operations of Pio Pio.

102. Upon information and belief, at all times relevant, Augusto Yallico has also had the power to stop any illegal pay practices that harmed Plaintiffs.

103. Augusto Yallico is a covered employer within the meaning of the FLSA and the NYLL, and at all times relevant, employed and/or jointly employed Plaintiffs and similarly situated employees.

**Ines Yallico**

104. Upon information and belief, Ines Yallico is a resident of the State of New York.

105. At all relevant times, Ines Yallico has been the General Manager of Pio Pio.

106. Upon information and belief, at all relevant times, Ines Yallico has had power over personnel decisions at Pio Pio, including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

107. Upon information and belief, at all times relevant, Ines Yallico has had power over payroll decisions at Pio Pio, including the power to retain time and/or wage records

108. Upon information and belief, Ines Yallico is actively involved in managing the day to day operations of Pio Pio.

109. Upon information and belief, at all times relevant, Ines Yallico has also had the

power to stop any illegal pay practices that harmed Plaintiffs.

110. Ines Yallico is a covered employer within the meaning of the FLSA and the NYLL, and at all times relevant, employed and/or jointly employed Plaintiffs and similarly situated employees.

## JURISDICTION AND VENUE

111. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §§ 1332 and 1367.

112. Plaintiffs' state law claims are so closely related to their claims under the FLSA that they form part of the same case or controversy under Article III of the United States Constitution.

113. This Court also has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

114. Plaintiffs' claims involve matters of national or interstate interest.

115. Upon information and belief, at least one Defendant resides in New York.

116. Upon information and belief, at least one Defendant is subject to personal jurisdiction in New York.

117. Upon information and belief, the amount in controversy in this matter exceeds the sum or value of $5,000,000.00, exclusive of interest and costs.

118. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

119. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 (b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## COLLECTIVE ACTION ALLEGATIONS

120.  Plaintiffs bring the First and Second Causes of Action, FLSA claims, on behalf of themselves and all similarly situated persons who have worked as tipped hourly food service workers at the Pio Pio Restaurants who elect to opt-in to this action (the "FLSA Collective").

121.  Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiffs.  Upon information and belief, there are many similarly situated current and former employees of Defendants who have been underpaid in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit.  Those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records.  Notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

122.  Plaintiffs bring the Third, Fourth, Fifth, Sixth, and Seventh Causes of Action, NYLL claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and a class of persons consisting of:

> All persons who work or have worked as tipped, hourly food service workers at Pio Pio Restaurants in New York between April 26, 2004 and the date of final judgment in this matter (the "Rule 23 Class").

123.  Excluded from the Rule 23 Class are Defendants, Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Rule 23 Class.

124.  The members of the Rule 23 Class are so numerous that joinder of all members is

impracticable.

125. Upon information and belief, the size of the Rule 23 Class is at least 100 individuals. Although the precise number of such employees is unknown, the facts on which the calculation of that number depends are presently within the sole control of Defendants.

126. Defendants have acted or have refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

127. Common questions of law and fact exist as to the Rule 23 Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

(a) whether Defendants violated NYLL Article 6, §§ 190 et seq., and Article 19, §§ 650 et seq., and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 137, as alleged herein;

(b) whether Defendants failed to pay Plaintiffs and the Rule 23 Class minimum wages for all of the hours they worked;

(c) whether Defendants correctly compensated Plaintiffs and the Rule 23 Class for hours worked in excess of 40 hours per workweek;

(d) whether Defendants failed to provide Plaintiffs and the Rule 23 Class spread of hours pay as required by the NYLL;

(e) whether Defendants misappropriated tips from Plaintiffs and the Rule 23 Class;

(f) whether Defendants' tip pooling scheme was created through the mutual agreement of Plaintiffs and the Rule 23 Class;

(g) whether Defendants failed to keep true and accurate time and pay records for all hours worked by Plaintiffs and the Rule 23 Class, and other records required by the NYLL;

(h) whether Defendants failed to comply with the posting and notice requirements of the NYLL;

(i) whether Defendants failed to furnish Plaintiffs and the Rule 23 Class with an accurate statement of wages, hours worked, rates paid, gross wages, and the claimed tip allowance as required by the NYLL;

(j) whether Defendants demanded, handled, pooled, counted, distributed, accepted and/or retained gratuities paid by customers that were intended for Plaintiffs and the Rule 23 Class, and which customers reasonably believed to be gratuities for Plaintiffs and the Rule 23 Class;

(k) whether Defendants made unlawful deductions from the wages of Plaintiffs and the Rule 23 Class by charging Plaintiffs and the Rule 23 Class for customers who left, but failed to pay for their food and/or drinks, for breakages or spoilages, and for uniform-related expenses;

(l) whether Defendants' policy of failing to pay workers was instituted willfully or with reckless disregard of the law; and

(m) the nature and extent of class-wide injury and the measure of damages for those injuries.

128. The claims of Plaintiffs are typical of the claims of the Rule 23 Class they seek to represent. Plaintiffs and all the Rule 23 Class members work, or have worked, for Defendants as food service employees at Pio Pio Restaurants in New York. Plaintiffs and the Rule 23 Class members enjoy the same statutory rights under the NYLL to be paid for all hours worked, to be paid overtime wages, and to keep the tips they earn. Plaintiffs and the Rule 23 Class members have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL. Plaintiffs and the Rule 23 Class members have all been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices, and patterns of conduct.

129. Plaintiffs will fairly and adequately represent and protect the interests of the Rule 23 Class members. Plaintiffs have retained counsel competent and experienced in complex class actions and employment litigation. There is no conflict between the Plaintiffs and the Rule 23 members.

130. A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' violation of the NYLL as well as their common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. The individual Plaintiffs lack the financial resources to conduct a thorough examination of Defendants' timekeeping and compensation practices and to prosecute vigorously a lawsuit against Defendants to recover such damages. In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

131. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

## PLAINTIFFS' FACTUAL ALLEGATIONS

132. Consistent with their policies and patterns or practices as described herein, Defendants harmed Plaintiffs individually as follows:

**Luis Hernandez**

133. Defendants did not pay Hernandez the proper minimum wage, overtime wage, and spread of hours pay for all of the time that he was suffered or permitted to work each workweek.

134. Defendants did not inform Hernandez of the tipped minimum wage or tip credit provisions of the FLSA or the NYLL.

135. Defendants did not allow Hernandez to retain all the tips he earned.

136. Defendants unlawfully demanded, handled, pooled, counted, distributed, accepted, and/or retained portions of the tips that Hernandez earned.

137. Defendants unlawfully redistributed part of Hernandez's tips to employees in positions that are not entitled to tips under the FLSA and/or the NYLL.

138. Defendants imposed upon Hernandez a tip redistribution or pooling scheme to which he never agreed.

139. Upon information and belief, Defendants did not keep accurate records of wages or tips earned, or of hours worked by Hernandez.

140. Defendants made unlawful deductions from Hernandez's wages for customer walkouts, breakages, and mistakes.

141. Defendants did not compensate Hernandez for the cleaning, care, and maintenance of the uniforms they required him to wear.

**Sergio Pavon**

142. Defendants did not pay Pavon the proper minimum wage, overtime wage, and spread of hours pay for all of the time that he was suffered or permitted to work each workweek.

143. Defendants did not inform Pavon of the tipped minimum wage or tip credit provisions of the FLSA or the NYLL.

144. Defendants did not allow Pavon to retain all the tips he earned.

145. Defendants unlawfully demanded, handled, pooled, counted, distributed, accepted, and/or retained portions of the tips that Pavon earned.

146. Defendants unlawfully redistributed part of Pavon's tips to employees in positions that are not entitled to tips under the FLSA and/or the NYLL.

147. Defendants imposed upon Pavon a tip redistribution or pooling scheme to which he never agreed.

148. Upon information and belief, Defendants did not keep accurate records of wages or tips earned, or of hours worked by Pavon.

149. Defendants made unlawful deductions from Pavon's wages for customer walkouts, breakages, and mistakes.

150. Defendants did not compensate Pavon for the cleaning, care, and maintenance of the uniforms they required him to wear.

**Alfredo Espinobarros**

151. Defendants did not pay Espinobarros the proper minimum wage, overtime wage, and spread of hours pay for all of the time that he was suffered or permitted to work each workweek.

152. Defendants did not inform Espinobarros of the tipped minimum wage or tip credit provisions of the FLSA or the NYLL.

153. Defendants did not allow Espinobarros to retain all the tips he earned.

154. Defendants unlawfully demanded, handled, pooled, counted, distributed, accepted, and/or retained portions of the tips that Espinobarros earned.

155. Defendants unlawfully redistributed part of Espinobarros' tips to employees in positions that are not entitled to tips under the FLSA and/or the NYLL.

156. Defendants imposed upon Espinobarros a tip redistribution or pooling scheme to which he never agreed.

157. Upon information and belief, Defendants did not keep accurate records of wages or tips earned, or of hours worked by Espinobarros.