158.    Defendants made unlawful deductions from Espinobarros' wages for customer walkouts, breakages, and mistakes.

159.    Defendants did not compensate Espinobarros for the cleaning, care, and maintenance of the uniforms they required him to wear.

**Fabian Fojardo**

160.    Defendants did not pay Fojardo the proper minimum wage, overtime wage, and spread of hours pay for all of the time that he was suffered or permitted to work each workweek.

161.    Defendants did not inform Fojardo of the tipped minimum wage or tip credit provisions of the FLSA or the NYLL.

162.    Defendants did not allow Fojardo to retain all the tips he earned.

163.    Defendants unlawfully demanded, handled, pooled, counted, distributed, accepted, and/or retained portions of the tips that Fojardo earned.

164.    Defendants unlawfully redistributed part of Fojardo's tips to employees in positions that are not entitled to tips under the FLSA and/or the NYLL.

165.    Defendants imposed upon Fojardo a tip redistribution or pooling scheme to which he never agreed.

166.    Upon information and belief, Defendants did not keep accurate records of wages earned, or of hours worked by Fojardo.

167.    Defendants made unlawful deductions from Fojardo's wages for customer walkouts, breakages, and mistakes.

168.    Defendants did not compensate Fojardo for the cleaning, care, and maintenance of the uniforms they required him to wear.

**Franco Javier Medina**

169.    Defendants did not pay Medina the proper minimum wage, overtime wage, and spread of hours pay for all of the time that he was suffered or permitted to work each workweek.

170.    Defendants did not inform Medina of the tipped minimum wage or tip credit provisions of the FLSA or the NYLL.

171.    Defendants did not allow Medina to retain all the tips he earned.

172.    Defendants unlawfully demanded, handled, pooled, counted, distributed, accepted, and/or retained portions of the tips that Medina earned.

173.    Defendants unlawfully redistributed part of Medina's tips to employees in positions that are not entitled to tips under the FLSA and/or the NYLL.

174.    Defendants imposed upon Medina a tip redistribution or pooling scheme to which he never agreed.

175.    Upon information and belief, Defendants did not keep accurate records of wages earned, or of hours worked by Medina.

176.    Defendants made unlawful deductions from Medina's wages for customer walkouts, breakages, and mistakes.

177.    Defendants did not compensate Medina's for the cleaning, care, and maintenance of the uniforms they required him to wear.

**Ismael Reyes**

178.    Defendants did not pay Ismael Reyes the proper minimum wage, overtime wage, and spread of hours pay for all of the time that he was suffered or permitted to work each workweek.

22

179.    Defendants did not inform Ismael Reyes of the tipped minimum wage or tip credit provisions of the FLSA or the NYLL.

180.    Defendants did not allow Ismael Reyes to retain all the tips he earned.

181.    Defendants unlawfully demanded, handled, pooled, counted, distributed, accepted, and/or retained portions of the tips that Ismael Reyes earned.

182.    Defendants unlawfully redistributed part of Ismael Reyes' tips to employees in positions that are not entitled to tips under the FLSA and/or the NYLL.

183.    Defendants imposed upon Ismael Reyes a tip redistribution or pooling scheme to which he never agreed.

184.    Upon information and belief, Defendants did not keep accurate records of wages earned, or of hours worked by Ismael Reyes.

185.    Defendants made unlawful deductions from Ismael Reyes' wages for customer walkouts, breakages, and mistakes.

186.    Defendants did not compensate Ismael Reyes for the cleaning, care, and maintenance of the uniforms they required him to wear.

**Jose Luis Reyes**

187.    Defendants did not pay Jose Reyes the proper minimum wage, overtime wage, and spread of hours pay for all of the time that he was suffered or permitted to work each workweek.

188.    Defendants did not inform Jose Jose Reyes of the tipped minimum wage or tip credit provisions of the FLSA or the NYLL.

189.    Defendants did not allow Jose Reyes to retain all the tips he earned.

190.    Defendants unlawfully demanded, handled, pooled, counted, distributed, accepted, and/or retained portions of the tips that Jose Reyes earned.

191.    Defendants unlawfully redistributed part of Jose Reyes' tips to employees in positions that are not entitled to tips under the FLSA and/or the NYLL.

192.    Defendants imposed upon Jose Reyes a tip redistribution or pooling scheme to which he never agreed.

193.    Upon information and belief, Defendants did not keep accurate records of wages earned, or of hours worked by Jose Reyes.

194.    Defendants made unlawful deductions from Jose Reyes' wages for customer walkouts, breakages, and mistakes.

195.    Defendants did not compensate Jose Reyes for the cleaning, care, and maintenance of the uniforms they required him to wear.

**Segundo Ramon Calderon**

196.    Defendants did not pay Calderon the proper minimum wage, overtime wage, and spread of hours pay for all of the time that he was suffered or permitted to work each workweek.

197.    Defendants did not inform Calderon of the tipped minimum wage or tip credit provisions of the FLSA or the NYLL.

198.    Defendants did not allow Calderon to retain all the tips he earned.

199.    Defendants unlawfully demanded, handled, pooled, counted, distributed, accepted, and/or retained portions of the tips that Calderon earned.

200.    Defendants unlawfully redistributed part of Calderon' tips to employees in positions that are not entitled to tips under the FLSA and/or the NYLL.

201.    Defendants imposed upon Calderon a tip redistribution or pooling scheme to which he never agreed.

202.    Upon information and belief, Defendants did not keep accurate records of wages earned, or of hours worked by Calderon.

203.    Defendants made unlawful deductions from Calderon' wages for customer walkouts, breakages, and mistakes.

204.    Defendants did not compensate Calderon for the cleaning, care, and maintenance of the uniforms they required him to wear.

**Macario Mendez**

205.    Defendants did not pay Mendez the proper minimum wage, overtime wage, and spread of hours pay for all of the time that he was suffered or permitted to work each workweek.

206.    Defendants did not inform Mendez of the tipped minimum wage or tip credit provisions of the FLSA or the NYLL.

207.    Defendants did not allow Mendez to retain all the tips he earned.

208.    Defendants unlawfully demanded, handled, pooled, counted, distributed, accepted, and/or retained portions of the tips that Mendez earned.

209.    Defendants unlawfully redistributed part of Mendez's tips to employees in positions that are not entitled to tips under the FLSA and/or the NYLL.

210.    Defendants imposed upon Mendez a tip redistribution or pooling scheme to which he never agreed.

211.    Upon information and belief, Defendants did not keep accurate records of wages earned, or of hours worked by Mendez.

212.    Defendants made unlawful deductions from Mendez's wages for customer walkouts, breakages, and mistakes.

213.    Defendants did not compensate Mendez for the cleaning, care, and maintenance of the uniforms they required him to wear.

## FIRST CAUSE OF ACTION

### Fair Labor Standards Act – Minimum Wages
### (Brought on behalf of Plaintiffs and the FLSA Collective)

214.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

215.    Defendants failed to pay Plaintiffs and the members of the FLSA Collective the minimum wages to which they are entitled under the FLSA.

216.    Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Class Action Complaint.

217.    At all times relevant, Plaintiffs and the members of the FLSA Collective were engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (m) and 206(a).

218.    At all times relevant, Plaintiffs and the members of the FLSA Collective were or have been employees within the meaning of 29 U.S.C. §§ 203(e), (m) and 206(a).

219.    At all times relevant, Defendants have been employers and/or joint employers engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(e) and 206(a).

220.    Defendants were required to pay directly to Plaintiffs and the members of the FLSA Collective the applicable federal minimum wage rate for all hours worked.

221.    Defendants were not eligible to avail themselves of the federal tipped minimum wage rate under the FLSA, 29 U.S.C. § 203(m), and supporting federal regulations, including but

not limited to 29 C.F.R. § 531.50 *et seq.*, because Defendants failed to inform Plaintiffs and the members of the FLSA Collective of the provisions of subsection 203(m) of the FLSA, 29 U.S.C. § 203(m), and Defendants did not permit Plaintiffs and the members of the FLSA Collective to retain all tips they received, in violation of the FLSA, 29 U.S.C. § 203(m).

222.    Upon information and belief, Defendants unlawfully redistributed a portion of the tips received by Plaintiffs and the members of the FLSA Collective to employees in positions that do not customarily and regularly receive tips, in violation of the FLSA, 29 U.S.C. § 203(m) and supporting regulations.

223.    Defendants failed to post and keep posted in a conspicuous place on their premises a notice explaining the FLSA, as prescribed by the Wage and Hour Division of the U.S. Department of Labor, in violation of the FLSA, 29 U.S.C. § 203(m) and supporting federal regulations, including but not limited to 29 C.F.R. § 516.4.

224.    Defendants required Plaintiffs and the members of the FLSA Collective to spend their own money on work-related items, such as uniforms, which further reduced their wages below the required minimum wage.

225.    Defendants failed to reimburse Plaintiffs and the members of the FLSA Collective for uniform-related expenses.

226.    As a result of Defendants' violations of the FLSA, Plaintiffs and the members of the FLSA Collective have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

227.    Defendants' unlawful conduct, as described in this Class Action Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Class Action Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and the FLSA Collective.

228.    Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

## SECOND CAUSE OF ACTION

### Fair Labor Standards Act – Overtime Wages
### (Brought on behalf of Plaintiffs and the FLSA Collective)

229.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

230.    The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiffs and the members of the FLSA Collective.

231.    Defendants have failed to pay Plaintiffs and the members of the FLSA Collective overtime wages for all hours they worked in excess of 40 hours in a workweek.

232.    As a result of Defendants' unlawful acts, Plaintiffs and the FLSA Collective have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to the FLSA.

233.    Defendants' unlawful conduct, as described in this Class Action Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Class Action Complaint were unlawful. Defendants have not made a

28

good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and the FLSA Collective.

234.    Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

## THIRD CAUSE OF ACTION

### New York Labor Law Article 19 – Minimum Wage
### (Brought on behalf of Plaintiffs and the members of the Rule 23 Class)

235.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

236.    Defendants failed to pay Plaintiffs and the members of the Rule 23 Class the minimum wages to which they are entitled under the NYLL.

237.    Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Class Action Complaint.

238.    At all times relevant, Plaintiffs and the members of the Rule 23 Class have been employees and Defendants have been employers within the meaning of the NYLL §§ 190, 651(5), 652, and the supporting New York State Department of Labor Regulations.

239.    The minimum wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor regulations apply to Defendants, and protect Plaintiffs and the members of the Rule 23 Class.

240.    Defendants were required to pay Plaintiffs and the members of the Rule 23 Class a minimum wage at a rate of (a) $5.15 per hour for all hours worked from June 24, 2000 through December 31, 2004; (b) $6.00 per hour for all hours worked from January 1, 2005 through December 31, 2005; (c) $6.75 per hour for all hours worked from January 1, 2006 through December 31, 2006; (d) $7.15 per hour for all hours worked from January 1, 2007 through July

23, 2009; and (2) $7.25 per hour for all hours worked from July 24, 2009 through the present under the NYLL § 652 and the supporting New York State Department of Labor regulations, including, but not limited to, the regulations in 12 N.Y.C.R.R. § 137-1.2.

241.    Defendants failed to pay Plaintiffs and the members of the Rule 23 Class the minimum hourly wages to which they are entitled under the NYLL and the supporting New York State Department of Labor regulations.

242.    By Defendants' knowing or intentional failure to pay Plaintiffs and the members of the Rule 23 Class minimum hourly wages, they have willfully violated the NYLL Article 19 §§ 650 *et seq.* and the supporting New York State Department of Labor regulations, including, but not limited to, the regulations in 12 N.Y.C.R.R. § 137-1.2.

243.    Defendants failed to furnish Plaintiffs and the members of the Rule 23 Class with a statement with every payment of wages listing hours worked, rates paid, gross wages, and the tip allowance claimed as part of their minimum hourly wage rate, in violation of the NYLL and the supporting New York State Department of Labor regulations, including, but not limited to, the regulations in 12 N.Y.C.R.R. § 137-2.2.

244.    Due to Defendants' violations of the NYLL, Plaintiffs and the members of the Rule 23 Class are entitled to recover from Defendants their unpaid wages, liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## FOURTH CAUSE OF ACTION
### New York Labor Law Article 19 – Unpaid Overtime
**(Brought on behalf of Plaintiffs and the members of the Rule 23 Class)**

245.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

246.    The overtime wage provisions of Article 19 of the NYLL and its supporting

30

regulations apply to Defendants, and protect Plaintiffs and the members of the Rule 23 Class.

247.    Defendants have failed to pay Plaintiffs and the members of the Rule 23 Class overtime wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations.

248.    By Defendants' knowing or intentional failure to pay Plaintiffs and the members of the Rule 23 Class overtime wages for hours worked in excess of 40 hours per week, they have willfully violated NYLL Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

249.    Due to Defendants' violations of the NYLL, Plaintiffs and the members of the Rule 23 Class are entitled to recover from Defendants their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## FIFTH CAUSE OF ACTION

### New York Labor Law – Spread-of-Hours and Split-Shift Pay
### (Brought on behalf of Plaintiffs and the members of the Rule 23 Class)

250.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

251.    Defendants have willfully failed to pay Plaintiffs and the members of the Rule 23 Class additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which they worked more than 10 hours and for each day that they worked a split-shift.

252.    By Defendants' failure to pay Plaintiffs the member of the Rule 23 Class spread-of-hours and split-shift pay, Defendants have willfully violated the NYLL Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations.

253.    Due to Defendants' violations of the NYLL, Plaintiffs and the members of the Rule 23 Class are entitled to recover from Defendants their wages, liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## SIXTH CAUSE OF ACTION

### New York Labor Law – Tip Misappropriation
### (Brought on behalf of Plaintiffs and the members of the Rule 23 Class)

254.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

255.    At all times relevant, Plaintiffs and the members of the Rule 23 Class have been employees within the meaning of NYLL §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

256.    At all times relevant, Defendants have been employers within the meaning of NYLL §§ 190, *et seq.*, and the supporting New York State Department of Labor Regulations.

257.    The wage payment provisions of Article 6 of the NYLL and the supporting New York State Department of Labor Regulations apply to Defendants, and protect Plaintiffs and the members of the Rule 23 Class.

258.    Defendants unlawfully demanded, handled, pooled, counted, distributed, accepted, and/or retained the gratuities received by Plaintiffs and the members of the Rule 23 Class in violation of NYLL § 196-d and the supporting New York State Department of Labor Regulations.

259.    Defendants unlawfully retained part of Plaintiffs' and the members of the Rule 23 Class' gratuities in violation of NYLL § 196-d and the supporting New York State Department of Labor Regulations.

32

260.    Defendants pooled, redistributed, and/or shared part of the gratuities received by Plaintiffs and the members of the Rule 23 Class with employees who are not entitled to gratuities in violation of NYLL § 196-d and the supporting New York State Department of Labor Regulations.

261.    By Defendants' knowing or intentional demand for, acceptance of, and/or retention of part of the gratuities received by Plaintiffs and the members of the Rule 23 Class, Defendants have willfully violated NYLL Article 6, § 196-d and the supporting New York State Department of Labor Regulations, including, but not limited to, the regulations in 12 N.Y.C.R.R. § 137-2.5.

262.    Due to Defendants' violations of the NYLL, Plaintiffs and the members of the Rule 23 Class are entitled to recover from Defendants their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## SEVENTH CAUSE OF ACTION
### New York Labor Law – Unlawful Deductions and Uniform Violations
### (Brought on behalf of Plaintiffs and the members of the Rule 23 Class)

263.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

264.    Defendants failed to pay Plaintiffs and the members of the Rule 23 Class the full amount of their wages as a result of deductions for breakages, customer walkouts, mistakes, and uniform-related expenses in violation of NYLL Article 6, § 193 and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. § 137-2.5.

265.    Defendants failed to reimburse Plaintiffs and the members of the Rule 23 Class for the cost of uniforms that they purchased from Defendants and that Defendants required them

to wear.

266.    Defendants failed to launder or maintain the uniforms that they required Plaintiffs and the members of the Rule 23 Class to wear, and failed to pay them the required weekly amount for such laundering and maintenance in addition to the required minimum wage.

267.    Due to Defendants' violations of the NYLL, Plaintiffs and the members of the Rule 23 Class are entitled to recover from Defendants their unpaid wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of all other similarly situated persons, seek for the following relief:

A.    That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed by Defendants as tipped food service employees at the Pio Pio Restaurants.  Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.    Unpaid minimum wages, overtime pay, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

C.    Unpaid minimum wages, overtime pay, spread of hours pay, misappropriated tips, liquidated damages, and other unpaid wages pursuant to NYLL Article 6, §§ 190 *et seq.* and Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations.

34

D.      Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

E.      Designation of Plaintiffs as representatives of the Rule 23 Classes, and counsel of record as Class Counsel;

F.      Pre-judgment interest and post-judgment interest;

G.      An injunction requiring Defendants to pay all statutorily required wages pursuant to the NYLL;

H.      Reasonable attorneys' fees and costs of the action;

I.      Such other relief as this Court shall deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by this Class Action Complaint.

Dated:      New York, New York
            April 26, 2010


                          Respectfully submitted,

                          _____
                          Brian S. Schaffer (BS 7548)

                          **FITAPELLI & SCHAFFER, LLP**
                          Joseph A. Fitapelli (JF9058)
                          Brian S. Schaffer (BS 7548)
                          1250 Broadway, Suite 3701
                          New York, New York 10001
                          Telephone: (212) 300-0375

                          *Attorneys for Plaintiffs and*
                          *the Putative Class*


35

## FAIR LABOR STANDARDS ACT – CONSENTIMIENTO/CONSENT FORM

Doy mi consentimiento para ser parte demandante en una demanda contra Pio Pio y / o entidades e individuos relacionados con el fin de obtener reparación por violaciones de la Fair Labor Standards Act, (*Ley de las Normas Laborales Justas*) de conformidad con 29 USC § 216 (b). Por la presente yo designo Fitapelli & Schaffer, LLP para representarme en tal demanda.

I, consent to be a party plaintiff in a lawsuit against Pio Pio and/or related entities and individuals in order to seek redress for violations of Fair Labor Standards Act, pursuant to 29 U.S.C. §216(b). I hereby designated Fitapelli & Schaffer, LLP to represent me in such a lawsuit.

_____
Firma (Signature)

Luis R. Hernandez.
Nombre legal completo (Imprenta) (Full Legal Name (Print))

Dirección (Address)

Ciudad, Estado          Código Postal
(City, State)          (Zip Code)

# FAIR LABOR STANDARDS ACT – CONSENTIMIENTO/CONSENT FORM

Doy mi consentimiento para ser parte demandante en una demanda contra Pio Pio y / o entidades e individuos relacionados con el fin de obtener reparación por violaciones de la Fair Labor Standards Act, (*Ley de las Normas Laborales Justas*) de conformidad con 29 USC § 216 (b). Por la presente yo designo Fitapelli & Schaffer, LLP para representarme en tal demanda.

I, consent to be a party plaintiff in a lawsuit against Pio Pio and/or related entities and individuals in order to seek redress for violations of Fair Labor Standards Act, pursuant to 29 U.S.C. §216(b). I hereby designated Fitapelli & Schaffer, LLP to represent me in such a lawsuit.

_____
Firma (Signature)

SERGIO PAVON
_____
Nombre legal completo (Imprenta) (Full Legal Name (Print))

███████████████████████
Dirección (Address)

███████████████████████
Ciudad, Estado          Código Postal
(City, State)           (Zip Code)

## FAIR LABOR STANDARDS ACT – CONSENTIMIENTO/CONSENT FORM

Doy mi consentimiento para ser parte demandante en una demanda contra Pio Pio y / o entidades e individuos relacionados con el fin de obtener reparación por violaciones de la Fair Labor Standards Act, (*Ley de las Normas Laborales Justas*) de conformidad con 29 USC § 216 (b). Por la presente yo designo Fitapelli & Schaffer, LLP para representarme en tal demanda.

I, consent to be a party plaintiff in a lawsuit against Pio Pio and/or related entities and individuals in order to seek redress for violations of Fair Labor Standards Act, pursuant to 29 U.S.C. §216(b). I hereby designated Fitapelli & Schaffer, LLP to represent me in such a lawsuit.

_____
Firma (Signature)

_____
Nombre legal completo (Imprenta) (Full Legal Name (Print))

██████████████████████████
Dirección (Address)

██████████████████████████
Ciudad, Estado          Código Postal
(City, State)            (Zip Code)

## FAIR LABOR STANDARDS ACT – CONSENTIMIENTO/CONSENT FORM

Doy mi consentimiento para ser parte demandante en una demanda contra Pio Pio y / o entidades e individuos relacionados con el fin de obtener reparación por violaciones de la Fair Labor Standards Act, (*Ley de las Normas Laborales Justas*) de conformidad con 29 USC § 216 (b). Por la presente yo designo Fitapelli & Schaffer, LLP para representarme en tal demanda.

I, consent to be a party plaintiff in a lawsuit against Pio Pio and/or related entities and individuals in order to seek redress for violations of Fair Labor Standards Act, pursuant to 29 U.S.C. §216(b). I hereby designated Fitapelli & Schaffer, LLP to represent me in such a lawsuit.

_____
Firma (Signature)

Fabian Fajardo
_____
Nombre legal completo (Imprenta) (Full Legal Name (Print))

█████████████████████
Dirección (Address)

█████████████████████
Ciudad, Estado          Código Postal
(City, State)           (Zip Code)

## FAIR LABOR STANDARDS ACT – CONSENTIMIENTO/CONSENT FORM

Doy mi consentimiento para ser parte demandante en una demanda contra Pio Pio y / o entidades e individuos relacionados con el fin de obtener reparación por violaciones de la Fair Labor Standards Act, (*Ley de las Normas Laborales Justas*) de conformidad con 29 USC § 216 (b). Por la presente yo designo Fitapelli & Schaffer, LLP para representarme en tal demanda.

I, consent to be a party plaintiff in a lawsuit against Pio Pio and/or related entities and individuals in order to seek redress for violations of Fair Labor Standards Act, pursuant to 29 U.S.C. §216(b). I hereby designated Fitapelli & Schaffer, LLP to represent me in such a lawsuit.

_____
Firma (Signature)

FRANCO JAVIER MEDINA
Nombre legal completo (Imprenta) (Full Legal Name (Print))

███████████████████████████████

Dirección (Address)

███████████████████████████████

Ciudad, Estado                 Código Postal
(City, State)                  (Zip Code)

## <u>FAIR LABOR STANDARDS ACT – CONSENTIMIENTO/CONSENT FORM</u>

Doy mi consentimiento para ser parte demandante en una demanda contra Pio Pio y / o entidades e individuos relacionados con el fin de obtener reparación por violaciones de la Fair Labor Standards Act, (*Ley de las Normas Laborales Justas*) de conformidad con 29 USC § 216 (b). Por la presente yo designo Fitapelli & Schaffer, LLP para representarme en tal demanda.

I, consent to be a party plaintiff in a lawsuit against Pio Pio and/or related entities and individuals in order to seek redress for violations of Fair Labor Standards Act, pursuant to 29 U.S.C. §216(b). I hereby designated Fitapelli & Schaffer, LLP to represent me in such a lawsuit.


Firma (Signature)


ISMAEL REYES I.
Nombre legal completo (Imprenta) (Full Legal Name (Print))


Dirección (Address)


Ciudad, Estado          Código Postal
(City, State)           (Zip Code)

## FAIR LABOR STANDARDS ACT – CONSENTIMIENTO/CONSENT FORM

Doy mi consentimiento para ser parte demandante en una demanda contra Pio Pio y / o entidades e individuos relacionados con el fin de obtener reparación por violaciones de la Fair Labor Standards Act, (*Ley de las Normas Laborales Justas*) de conformidad con 29 USC § 216 (b). Por la presente yo designo Fitapelli & Schaffer, LLP para representarme en tal demanda.

I, consent to be a party plaintiff in a lawsuit against Pio Pio and/or related entities and individuals in order to seek redress for violations of Fair Labor Standards Act, pursuant to 29 U.S.C. §216(b). I hereby designated Fitapelli & Schaffer, LLP to represent me in such a lawsuit.

_____
Firma (Signature)

_José Luis Reyes_____
Nombre legal completo (Imprenta) (Full Legal Name (Print))

████████████████████████

Dirección (Address)

████████████████████████

Ciudad, Estado          Código Postal
(City, State)           (Zip Code)

# FAIR LABOR STANDARDS ACT – CONSENTIMIENTO/CONSENT FORM

Doy mi consentimiento para ser parte demandante en una demanda contra Pio Pio y / o entidades e individuos relacionados con el fin de obtener reparación por violaciones de la Fair Labor Standards Act, (*Ley de las Normas Laborales Justas*) de conformidad con 29 USC § 216 (b). Por la presente yo designo Fitapelli & Schaffer, LLP para representarme en tal demanda.

I, consent to be a party plaintiff in a lawsuit against Pio Pio and/or related entities and individuals in order to seek redress for violations of Fair Labor Standards Act, pursuant to 29 U.S.C. §216(b). I hereby designated Fitapelli & Schaffer, LLP to represent me in such a lawsuit.

_____
Firma (Signature)

_____
Nombre legal completo (Imprenta) (Full Legal Name (Print))

███████████████████████
Dirección (Address)

███████████████████████
Ciudad, Estado            Código Postal
(City, State)             (Zip Code)

## FAIR LABOR STANDARDS ACT – CONSENTIMIENTO/CONSENT FORM

Doy mi consentimiento para ser parte demandante en una demanda contra Pio Pio y / o entidades e individuos relacionados con el fin de obtener reparación por violaciones de la Fair Labor Standards Act, (*Ley de las Normas Laborales Justas*) de conformidad con 29 USC § 216 (b). Por la presente yo designo Fitapelli & Schaffer, LLP para representarme en tal demanda.

I, consent to be a party plaintiff in a lawsuit against Pio Pio and/or related entities and individuals in order to seek redress for violations of Fair Labor Standards Act, pursuant to 29 U.S.C. §216(b). I hereby designated Fitapelli & Schaffer, LLP to represent me in such a lawsuit.

_____
Firma (Signature)

_____
Nombre legal completo (Imprenta) (Full Legal Name (Print))

_____
Dirección (Address)

_____
Ciudad, Estado          Código Postal
(City, State)           (Zip Code)